UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LOURDES LUCIA PAGAN,**

      **Plaintiff,**

v.                                                                              **Case No: 6:15-cv-1830-Orl-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

## MEMORANDUM OF DECISION

Lourdes Lucia Pagan (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits. Doc. 1; R. 2-5; 198-99. Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) "failing to adequately account for all severe impairments in the residual functional capacity determination and failing to weigh all the pertinent evidence;" 2) relying "on the testimony of the Vocational Expert after posing a hypothetical question that did not adequately reflect the limitations of the [C]laimant;" and 3) "finding that the [C]laimant is 'not entirely credible when the record clearly reveals that the [Claimant] suffered from documented impairments causing significant limitations and pain." Doc. 19 at 2-3. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

### I. THE ALJ'S DECISION

In 2012, Claimant filed an application for a period of disability and disability insurance benefits (DIB). R. 198-99. Claimant initially alleged a disability onset date of October 15, 2007,

but subsequently changed her alleged onset date to January 11, 2011. R. 45, 207. Claimant's date last insured was March 31, 2013. R. 27.

The ALJ issued his decision on March 14, 2014. R. 27-37. In his decision, the ALJ found that Claimant had the following severe impairments through the date last insured: fibromyalgia, diabetes mellitus, and restless leg syndrome. R. 30. The ALJ also found that Claimant had the following non-severe impairments through the date last insured: spine disorder and mental impairments. R. 30-31.

The ALJ found that Claimant had the residual functional capacity (RFC) to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b)[1] through the date last insured. R. 32. Specifically, the ALJ found as follows:

> [T]hrough the date last insured, the [C]laimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with frequent climbing of ramps or stairs; frequently climbing of ropes, scaffolds, and ladders; and frequent balancing, stooping, kneeling, crouching, and crawling.

R. 32. The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant would be capable of performing her past relevant work. R. 56. The ALJ, relying on the VE's testimony, found that Claimant was capable of performing her past relevant work through the date last insured. R. 36-37. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date last insured. R. 37.

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b).

## II.    STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.    ANALYSIS

This case centers on the denial of Claimant's application for DIB. A claimant seeking DIB is eligible for such benefits where he or she demonstrates disability on or before his or her date last insured. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, Claimant was

required to demonstrate that she was disabled on or before the date last insured, June 30, 2013. *Id*. The Court, bearing this in mind, turns to Claimant's arguments.

### A. The ALJ's RFC Determination

Claimant argued that the ALJ erred in determining Claimant's RFC "after failing to adequately account for all severe impairments in the [RFC] determination and failing to weigh all the pertinent evidence." Doc. 19 at 11. The Commissioner argued that substantial evidence supported the ALJ's RFC determination. Doc. 20 at 4-9. The Commissioner also argued that the ALJ properly considered the relevant evidence and opinions in assessing Claimant's RFC. *Id*.

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite

impairment(s), and [the claimant's] physical or mental restrictions.'" *Id*. at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Claimant's first argument appears to be that the ALJ erred by failing to include any limitations in the RFC related to Claimant's purported neuropathy of the bilateral wrists.[2] Doc. 19

---

[2] To the extent that Claimant was attempting to argue that the ALJ erred by failing to include Claimant's purported neuropathy of the bilateral wrists as a severe impairment at step two, Claimant's argument is without merit. Step two only requires the ALJ to determine if the claimant

- 5 -

at 11-13. Claimant argued that the ALJ implicitly found that Claimant's purported neuropathy of the bilateral wrists was a severe impairment through the date last insured, and thus that the ALJ should have accounted for same in the RFC. *Id*. Claimant did not explain how her purported neuropathy of the bilateral wrists contradicted the RFC. *Id*. Nor did Claimant identify the purported limitations for which the ALJ allegedly failed to account. *Id*. Claimant merely stated, in conclusory fashion, that the ALJ failed to include any limitations pertaining to Claimant's purported neuropathy of the bilateral wrists. *Id*.

In response, the Commissioner argued that the ALJ did not find that Claimant's purported neuropathy of the bilateral wrists was a severe impairment. Doc. 20 at 6. The Commissioner also argued that Claimant failed to show that diagnostic studies from outside the relevant time period established additional limitations that should have been included in the RFC. *Id*. at 6-7. Finally, the Commissioner argued that Claimant's subjective complaints about her ability to use her hands were not a sufficient basis for finding additional limitations given that substantial evidence supported the ALJ's determination that Claimant's statements were not entirely credible. *Id*. at 7.

Upon review of the record, the Court finds that Claimant's first argument is without merit. Contrary to Claimant's argument, the Court does not find that the ALJ implicitly found that Claimant's purported neuropathy of the bilateral wrists was a severe impairment through her date last insured.[3] As discussed above, the ALJ found that Claimant suffered from only the following

---

suffers from any severe impairment. *Law v. Colvin*, No. 16-13583, 2017 WL 894450, at *4 (11th Cir. Mar. 7, 2017) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). In this case, the ALJ found that Claimant suffered from several severe impairments and proceeded to step three. "[S]tep two requires nothing more." *See id.*

[3] Although the ALJ referred to an EMG study showing "significant left median neuropathy at the wrist and moderate to severe right median neuropathy at the wrist," he did not include same in his determination of Claimant's severe impairments through the date last insured. R. 30. The Court

severe impairments through her date last insured: fibromyalgia, diabetes mellitus, and restless leg syndrome. R. 30.

Regardless of whether or not the ALJ implicitly found that Claimant's purported neuropathy of the bilateral wrists was a severe impairment through the date last insured, Claimant has not shown that the ALJ failed to account for any limitations arising from Claimant's purported neuropathy of the bilateral wrists. Claimant cited two medical records in support of her argument that the ALJ should have included a limitation pertaining to Claimant's purported neuropathy: an EMG from February 27, 2009 and an EMG from December 24, 2013.[4]  Doc. 19 at 11-13; R. 301, 476-77. However, neither of the records cited to by Claimant indicated a particular functional limitation arising from the purported neuropathy. R. 301, 476-77. Rather, the records referred only to the presence of an impairment. *See Moore*, 405 F.3d at 1213 n.6 (explaining the mere existence of an impairment does not reveal the extent to which that impairment limits a claimant's ability to perform work-related functions). Claimant cited to no medical or opinion evidence from the relevant time period indicating that Claimant's purported neuropathy resulted in any functional limitations greater than those included in the ALJ's RFC determination.[5]  Doc. 19 at 11-13. For the foregoing reasons, Claimant has failed to demonstrate that the ALJ's RFC determination failed

---

notes that the EMG study the ALJ referred to was performed on December 24, 2013, approximately eight months after Claimant's date last insured. R. 30, 476-77.

[4] The Court notes that both of these records fell outside of the relevant time period. Claimant's alleged disability onset date was January 11, 2011, and her date last insured was March 31, 2013. R. 27, 45, 207. Nonetheless, the ALJ considered both of these records in his decision. R. 30, 35.

[5] Claimant cited to her own testimony regarding limitations in her ability to use her hands, but as will be discussed in more detail later in this opinion, the ALJ found that Claimant's testimony was not entirely credible.

to account for limitations arising from her purported neuropathy. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (claimant bears the burden of proving his or her disability).

Claimant's second argument appears to be that the ALJ failed to weigh the pertinent evidence and opinions of Dr. Richard L. Smith, Dr. Howard S. Buchoff, and Dr. Melissa A. Hartman.[6] Doc. 19 at 13-16. However, Claimant did not identify any specific opinions that the ALJ purportedly failed to weigh. Doc. 19 at 14-16. Instead, Claimant generally discussed the records of Dr. Smith, Dr. Buchoff, and Dr. Hartman. *Id*. at 14-15. Claimant did not even attempt to argue how any purported medical opinion contained within the records of Dr. Smith, Dr. Buchoff, or Dr. Hartman contradicted the RFC. *Id*. at 13-16.

In Response, the Commissioner argued that the ALJ properly considered the records and opinions from Claimant's medical sources in assessing Claimant's RFC, and that Claimant "failed to cite any evidence in which a treating doctor opined that she had functional limitations." Doc. 20 at 7. The Commissioner further argued that the "notes by [Dr. Smith, Dr. Buchoff, and Dr. Harman] that Claimant describes as opinions are not 'medical opinions.'" *Id*. at 8. In the alternative, the Commissioner argued, even if the "notes are interpreted as 'medical opinions,' [Claimant] failed to show that the 'opinions' in any way undermined the ALJ's assessment of her RFC." *Id*.

---

[6] The Court notes that before Claimant argued that the ALJ failed to weigh the opinions of Dr. Smith, Dr. Buchoff, and Dr. Hartman, Claimant stated, in conclusory fashion, that the ALJ "failed to weigh all the pertinent evidence" and failed to "state the weight he assigned to the opinion of any treating physician." Doc. 19 at 13-14. To the extent Claimant was attempting to argue that the ALJ failed to weigh pertinent evidence and opinions not contained within the records of Dr. Smith, Dr. Buchoff, and Dr. Hartman, said argument was waived because Claimant failed to cite to any such pertinent evidence or opinions that the ALJ purportedly failed to weigh. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument).

To the extent Claimant's second argument is that the ALJ failed to consider the pertinent evidence contained in the records of Dr. Smith, Dr. Buchoff, and Dr. Hartman, Claimant's argument is without merit. The ALJ discussed the records of Dr. Smith, Dr. Buchoff, and Dr. Hartman in his decision. R. 30, 35. Moreover, the records of Dr. Smith, Dr. Buchoff, and Dr. Hartman were consistent with the ALJ's discussion regarding Claimant's objective medical condition.[7] R. 30-36, 316-19, 394-482. "The ALJ is not required to explicitly mention every piece of evidence so long as the decision considers the claimant's medical condition as a whole." *Law*, 2017 WL 894450, at *4 (citing *Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014)).

To the extent Claimant's second argument is that the ALJ failed to weigh the purported medical opinions contained within the records of Dr. Smith, Dr. Buchoff, and Dr. Hartman, Claimant's argument is without merit. Claimant did not identify any specific opinions contained within these records that the ALJ failed to weigh, or explain how said opinions contradicted the RFC. Doc. 19 at 13-16. The statements Claimant referred to from the records of Dr. Smith, Dr. Buchoff, and Dr. Hartman were not "medical opinions" that needed to be weighed because they were not statements reflecting a judgment about the nature and severity of Claimant's impairment. *See* 20 C.F.R. § 404.1527(a)(2); *Tavarez v. Comm'r of Soc. Sec.*, 638 Fed. Appx. 841, 846 (11th Cir. 2016) ("Medical opinions are statements from physicians and other acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairment."). The statements provided no opinion regarding what Claimant could still do despite her impairments,

---

[7] Claimant did not argue how the records of Dr. Smith, Dr. Buchoff, and Dr. Hartman were inconsistent with the ALJ's discussion of Claimant's objective medical condition.

nor did they identify any specific physical or mental restrictions caused by Claimant's impairments.

Moreover, even to the extent the records of Dr. Smith, Dr. Buchoff, and Dr. Hartman contained medical opinions that the ALJ needed to weigh, the ALJ's purported failure to do so was harmless error. The Court has reviewed the medical records of Dr. Smith, Dr. Buchoff, and Dr. Hartman, and to the extent the records cited to by Claimant contained any medical opinions, such medical opinions did not directly contradict the ALJ's RFC determination, which provided as follows:

> [T]hrough the date last insured, the [C]laimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with frequent climbing of ramps or stairs; frequently climbing of ropes, scaffolds, and ladders; and frequent balancing, stooping, kneeling, crouching, and crawling.

R. 32. Therefore, the ALJ's purported failure to weigh any such purported medical opinions was harmless error.[8] *See, e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar).

Finally, Claimant argued, in conclusory fashion, that the ALJ substituted his own judgment for that of the medical and vocational experts, and that the ALJ reached his own conclusions regarding Claimant's limitations. Doc. 19 at 16. Although it is not clear to the Court what exactly Claimant was trying to argue, the Court believes that Claimant may have been trying to argue that the ALJ inappropriately disregarded the opinions of Dr. Smith, Dr. Buchoff, and Dr. Hartman in

---

[8] The Court further notes that some of Dr. Buchoff's records were from after the date last insured. R. 475-82.

favor of the ALJ's own opinion. *Id*. To the extent that this is the argument being raised by Claimant, the argument is without merit. As discussed above, the ALJ did not fail to weigh any purported medical opinions from Dr. Smith, Dr. Buchoff, and Dr. Hartman, and even to the extent that he did, it was harmless error. Regardless, Claimant waived whatever argument she may have been trying to raise by raising said argument in a perfunctory manner. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument).

### B. The ALJ's Credibility Determination

Claimant argued that the ALJ "erred in finding that [Claimant] is 'not entirely credible' when the record clearly reveals that [Claimant] suffered from documented impairments causing significant limitations and pain." Doc. 19 at 18. Specifically, Claimant argued that the ALJ did not articulate sufficient reasoning to support his credibility determination, and that the ALJ's credibility determination was not supported by substantial evidence. *Id*. at 18-22. Claimant argued that Claimant's pain issues were well-documented throughout the medical records and that there was objective medical evidence supporting Claimant's complaints of pain. *Id*.

The Commissioner argued that substantial evidence supported the ALJ's credibility determination. Doc. 20 at 11-17. Specifically, the Commissioner argued that the objective medical evidence did not support Plaintiff's allegations of disabling limitations during the relevant time period. *Id*. The Commissioner also argued that the ALJ "properly considered Plaintiff's activities, and her inconsistent statements about her activities, in assessing the credibility of her subjective complaints of disabling symptoms." *Id*. at 15. Finally, the Commissioner argued that

the ALJ properly considered Claimant's failure to follow her doctors' recommendations as evidence undermining her subjective complaints of disabling symptoms. *Id*. at 16.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See Foote*, 67 F.3d at 1562.

On January 3, 2014, Claimant appeared before the ALJ for a hearing. R. 45-58. At the hearing, Claimant testified that she is unable to work because of

> pain from the top right of my head; my neck; my both shoulders, around my shoulder; my elbows; my hands, that's from the fibromyalgia, but I also have degenerative arthritis which is deforming all my fingers and the same lumps that I'm getting on my fingers, I have them on the bottom of my feet. And when I'm

> walking, most of the time I feel like sharp pains, that they come from the bottom up and that my knees, they go out.
>
> I have osteoarthritis on my hips, on my lower back, that it really hurts, too, if I sit too long. But if I stand too long it also hurts on the bottom of my feet.

R. 48-49. Claimant also testified that she was incapable of performing numerous daily activities, including dishes, laundry, vacuuming, and cleaning. R. 52. Claimant testified that she could not carry a laptop, that she had difficulty driving, that she had no desire to go out because she was depressed, and that she had to "buy clothes with no buttons or - - because it's very difficult." R. 47-49, 51, 53.

The ALJ found Claimant's impairments could reasonably be expected to cause her alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely credible for the reasons explained in this decision." R. 35. Specifically, the ALJ explained, in part, as follows:

> Admittedly, the claimant testified to little activities of daily living; however, these assertions cannot be objectively verified. The claimant's testimony, considered in light of the record as a whole, is not convincing that her pain and other subjective symptoms are of such frequency, intensity, or duration as to preclude all work activity. Reported limitations at the hearing appear to be self-prescribed. For instance, the claimant reported at a consultative examination, that she is independent in her ability to feed and dress herself.[9] She reported she has no friends outside of her immediate family. She indicated that she enjoys going to concerts, painting, and decorating, but she reportedly has difficulty now (Ex. B9F, p.2).[10]

---

[9] Although the issue was not raised by Claimant, the Court notes that according to exhibit B9F, dated August 7, 2012, Claimant reported that she was not independent in her ability to cook and clean. R. 385. However, according to exhibit B10F, also dated August 7, 2012, Claimant was independent in her activities of daily living, and was able to button her shirt and prepare meals. R. 391. To the extent the ALJ misstated the contents of exhibit B9F, the Court finds that such misstatement was harmless. Regardless of whether the ALJ misstated the contents of exhibit B9F, the Court finds that the ALJ articulated adequate reasons to support his credibility determination, and that his credibility determination was supported by substantial evidence.

[10] Although the issue was not raised by Claimant, exhibit B9F provides that Claimant was unable to enjoy concerts, painting, and decorating. R. 385. However, the ALJ stated that Claimant had difficulty enjoying concerts, painting, and decorating. R. 34. To the extent that this can be

>She indicated to a physician that during the day, she prepares meals, goes to the grocery store, and browses the internet. She went on a trip to Europe in January 2012 (Ex. B10F, p.5). Accordingly, the Administrative Law Judge concludes that the claimant's testimony is credible only to the extent that the alleged symptoms prevent her from performing within the light level of exertion.
>
>. . .
>
>After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. The claimant's work history reveals that within the last fifteen years from her date last insured (1998 to 2013), the claimant has only earned at SGA levels 5 out of the last 15 years, e.g. 2003 to 2007. Besides that, the claimant has either earned very little earning (1998 to 2000, 2002, and 2008) or had no earnings (2001 and 2009 to present). The claimant worked as a real estate agent the years she earned at SGA level. Evidence shows that claimant attended on year of college and completed real estate school in 1996 (Ex. B2E, p.3).

R. 34-35.

Although not specifically tied to his credibility determination, the ALJ also noted in his decision that, other than some limited motion in Claimant's shoulders and some tenderness in Claimant's arms and legs, the medical records revealed that Claimant had normal palpation, range of motion, and stability of both upper and lower extremities, as well as normal strength and gait. R. 30, 35-36. In addition, the ALJ noted that Claimant had a history of failing to follow her doctors' recommendations. R. 35-36.

Contrary to Claimant's argument, the Court finds that the ALJ articulated sufficient reasoning to support his credibility determination. The ALJ did not, as Claimant implied, offer nothing but meaningless template language in support of his credibility finding. Further,

---

considered an error, the Court finds that such error was harmless. The Court finds that regardless of this possible error, the ALJ articulated adequate reasons to support his credibility determination, and that his credibility determination was supported by substantial evidence

Claimant's argument that her pain issues were well-documented and that there was objective medical evidence supporting Claimant's complaints of pain is without merit. The issue for the Court to decide is not whether there is objective medical evidence supporting Claimant's complaints of pain. The issue is whether the ALJ's credibility determination was supported by substantial evidence. In this case, it was.[11]  R. 335-36, 387-94, 398, 400.  The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *See Foote*, 67 F.3d at 1562.

### C. Hypothetical Question to Vocational Expert (VE)

"[T]he ALJ may consider the testimony of a VE in determining whether the claimant still possesses the ability to perform her past relevant work." *Waldrop v. Comm'r of Soc. Sec.*, 379 Fed. App'x. 948, 952 (11th Cir. 2010) (citing 20 C.F.R. § 404.1560(b)). The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). However, the ALJ need not include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony, but fails to

---

[11] The Court further notes that Claimant stated, in conclusory fashion, that the ALJ's credibility determination was not supported by substantial evidence. Doc. 19 at 22. However, Claimant offered no argument to explain why the ALJ's reasoning failed to support his credibility determination, nor did Claimant explain why the ALJ's reasoning was not supported by substantial evidence. Instead, Claimant argued that objective medical evidence supported Claimant's complaints of pain. Because Claimant only perfunctorily argued that the ALJ's credibility determination was not supported by substantial evidence, Claimant waived the argument. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned); *Gombash*, 566 Fed. App'x. at 858 n.1 (stating that the issue was not properly presented on appeal where claimant provided no supporting argument).

include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).[12]

Claimant argued that the ALJ improperly relied on the testimony of the VE. Doc. 19 at 16-18. Claimant's sole argument was that the ALJ's RFC determination did not adequately reflect Claimant's limitations, and thus that the hypothetical the ALJ posed to the VE was incorrect.[13] *Id*. However, as the Court explained above, the ALJ did not err in making his RFC determination. Therefore, Claimant's argument is without merit.

### IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**.

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE AND ORDERED** in Orlando, Florida on March 15, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

---

[12] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[13] Claimant did not argue that the ALJ's RFC determination was inconsistent with the hypothetical the ALJ posed to the VE. Doc. 19 at 16-18. In fact, Claimant stated that the ALJ posed a hypothetical question to the VE with the same limitations as were contained in the RFC. *Id*. at 17.

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Joseph A. Rose
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801